## SUPREME LIBERTY LIFE INS. CO. *v*. CARVER.

1. INSURANCE—APPLICATION—FRAUD—EVIDENCE.

   In suit by insurer to cancel $360 life insurance policy because of alleged misrepresentations in application for insurance, finding of trial court that applicant did not make answers to any questions contained in application, that insurance agent neither asked questions of, nor read application to, applicant nor did latter read it and agent obtained his answers from previous policy with same insurer, that insured at time the application was made was not suffering from disease from which he died over a year later and believed himself in good health at time of signing application and intended no fraud although he had visited doctor twice for minor ailments within five days preceding making of application *held*, supported by record.

2. SAME—CANCELLATION OF POLICY—EXISTENCE OF OTHER POLICIES —FRAUD.

   In insurer's suit against death beneficiary to cancel $360 life insurance policy on ground that insured stated in application that he did not have any other policy of insurance with plaintiff, which was admittedly contrary to the fact, plaintiff was not entitled to decree, where answers in application by plaintiff's agent were filled in from information obtained from policy then in force issued by plaintiff about five years previously, the fraud, if any, being that of plaintiff's agent, not the applicant.

3. SAME—CANCELLATION OF POLICY—SURPLUSAGE—FRAUD—INTENT.

   Provision of $360 life insurance policy voiding it if another policy was in force on life of insured and such fact were not suitably indorsed on later policy and that issuance of such later policy should not be deemed a waiver of such condition, *held*, mere surplusage in suit to cancel later policy where it appears application therefor was filled out by insurer's agent and not read by or to insured before signing it and that no fraud was otherwise intended or perpetrated by insured.

Appeal from Wayne; Callender (Sherman D.), J. Submitted January 6, 1943. (Docket No. 33, Calendar No. 42,193.) Decided May 18, 1943.

Bill by Supreme Liberty Life Insurance Company, an Illinois corporation, against Ida Carver for cancellation of a life insurance policy, for an injunction and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Roxborough & Taliaferro,* for plaintiff.

*Charles B. Berry,* for defendant.

CHANDLER, J. Plaintiff, an Illinois corporation, conducting the business of life insurance, and authorized to do business in this State, on May 22, 1939, issued a policy of insurance on the life of one Andrew Carver, husband of defendant herein, in the sum of $360 in consideration of a weekly premium of 45 cents, which premiums were duly paid during the lifetime of the insured. In said policy, the defendant herein, wife of the insured, was named as beneficiary.

It appears from the record that on February 26, 1934, plaintiff, in consideration of a weekly premium of five cents, issued a policy to said insured, who at that time was a resident of Jackson, Tennessee, and that the premiums on this policy had, at the time of issue of the policy in suit, been paid in full to December 30, 1939, to the agent of plaintiff at Jackson, Tennessee.

The insured died on June 10, 1940, at the Edyth K. Thomas hospital in the City of Detroit, after being confined to said hospital for a period of eight days, the said first named policy of insurance being then in force and effect. The immediate cause

of death was chronic myocarditis and a contributing cause was Parkinson's disease.

The application for said first named policy of insurance, being the only one involved in this case, was made on May 9, 1939, upon the solicitation of one John H. Harrison, then, and now, agent for appellant, and the following are some of the pertinent parts of the application and policy involved herein, as stated by appellant:

"*Q.* No. 3: Give policy Nos. now carried with company—None.     *     *     *

"*Q.* No. 9: Are you in sound health—Yes.
*     *     *

"*Q.* No. 11: Give date of last illness—disease—None.     *     *     *

"I certify I am free from disease and that all statements made herein are true, any one being false forfeits my right to receive benefits under any policy hereafter issued. I have not consulted a physician within three years nor have I been an inmate of a hospital or dispensary. I agree that this policy shall not take effect unless at the date thereof I am alive and in sound health.

I have paid to the agent with this application 90¢ this 9th day of May, 1939."

## POLICY

"In consideration of the payment of the premium stipulated herein, to be paid on or before each Monday, and of the representations and agreements in the application herefor, grants this insurance with the privilege and benefits and subject to the conditions and provisions of this and the following pages, which are made a part of this contract.     *     *.     *

"This policy shall not take effect unless upon its date the assured shall be alive and in good health and the premiums duly paid.     *     *     *

"Policy when void—Subject to the incontestability provision hereof, and unless otherwise stated in

the 'space for indorsement' in a waiver signed by the president or secretary, this policy is void if the assured before its date has been rejected for insurance by this or any other company, order or association, or has been attended by a physician for any serious disease, or complaint; or pulmonary disease or cancer, or disease of the heart, liver or kidneys; or if any policy on the life of the assured has been issued by this company, and is in force at the date hereof, unless this policy contains an indorsement signed by the president or secretary authorizing its continuance in addition to such previously issued policy. The company shall not be presumed or held to know of the existence of any previous policy, and in such case, the issue of this policy shall not be deemed a waiver of this condition.''

After the death of the insured, appellant refused to pay the beneficiary the amount of said insurance, claiming that the application of the insured for his policy contained fraudulent statements, and suit was then instituted by the defendant herein in the common pleas court for the city of Detroit, where the case was tried before a jury, resulting in a verdict in favor of the beneficiary. An appeal was taken to the circuit court by the insurance company, which was heard in part in said court, but for some reason, not shown in the record, resulted in a mistrial, and before a new trial could be had the bill of complaint in the instant case was filed by the company. The record shows a motion to dismiss was made by the defendant herein and denied, and the case was then tried upon the bill of complaint, answer of defendant, and upon proofs taken in open court. At the conclusion of the trial, the bill of complaint was dismissed, and this appeal followed.

It was alleged by plaintiff in its bill of complaint that the policy involved was procured by the insured

by statements, answers, representations and warranties contained in the insured's application of May 9, 1939, which were false, fraudulent and untrue and made with the intent to deceive the company, thus rendering said policy void, and the bill prayed for the cancellation of the same. The plaintiff tendered a return of the premiums received by it upon said policy.

The statements claimed to be untrue and fraudulent as contained in said application were that the insured was, at the time the application was made, in sound health, and that he had not consulted or been attended by a physician within three years before said application was signed on May 9, 1939, and that he carried no policy in plaintiff company.

It is uncontradicted in the record that the insured did on the 4th and 8th days of May, preceding the signing of the application, consult a physician. The trial court found that this physician did not treat the insured for either chronic myocarditis or Parkinson's disease, but that the insured was treated by the physician at that time for a cold and a bowel difficulty; that at that time the insured, who was a common laborer, was capable of working and did do his usual work and continued to do his usual work up until about the time he was taken to the hospital more than a year thereafter; that his difficulty was of minor importance, did not materially affect the acceptance of the risk by the insurer and that therefore no fraud was perpetrated or intended.

It is uncontradicted that at the time the policy in suit was issued the insured carried in plaintiff company a policy issued prior to the policy here involved, which was in force and effect at the time the application for the policy in question was signed by him.

The appellant states the questions involved in this appeal as follows:

"Where the holder of a policy of life insurance issued to him in another State in 1934, visited a physician in Detroit, Michigan, in 1939, on May 4th, and again on May 8th, and on the day following his last visit executed an application for a policy in the same company, falsely stating that he carried no other insurance in the company; was in sound health, and had not consulted a physician within three years, were such representations and false statement fraudulent, and such as materially to affect the risk assumed, and to justify the cancellation of the policy issued to the applicant?"

The trial judge, who heard the testimony and had the advantage of seeing the witnesses, made a finding which completely exonerates the insured from fraud or misrepresentation in connection with the application for the policy in question, finding that the applicant did not make answers to any of the questions contained in the application; that the agent did not ask of the insured any of the questions contained in said application; that the agent did not read said application to the insured nor in his presence, neither did the insured read said application and that the testimony on the part of the beneficiary and two other witnesses, which he believed to be true, was that the agent obtained his information to fill in the answers to the questions in the application from the former policy that the insured had in the same company, which policy was in the hands of the agent when the application was filled out by him and signed by the insured. The court also found that the insured was not suffering from the disease from which he died at the time the application was made, and that he believed himself to be in sound health at the time he signed said application and

that no fraud was intended or perpetrated. See *Polish Roman Catholic Union* v. *Palen,* 302 Mich. 557, and authorities there cited. The findings of the trial court are well supported by the record.

We are in accord with the findings of the trial judge that the agent of the plaintiff had full knowledge of the issuance by the company to the insured of a prior policy. We must hold that this provision in the policy "the company shall not be presumed or held to know of the existence of any previous policy, and in such case, the issue of this policy shall not be deemed a waiver of this condition" would not warrant a cancellation of the policy, not necessarily because of the fact that the plaintiff had in its possession a record of said prior policy, but because plaintiff's agent had before him, when he prepared and had the insured sign said application, such former policy, conclusively showing that it was in full force and effect.

If any fraud was perpetrated on plaintiff by the statement in the application that the insured then carried no policy in the company, it was the fraud of plaintiff's agent who was then in possession of the former policy, and not the fraud or negligence of the insured. Mr. Harrison was plaintiff's agent, not the agent of the insured.

In view of the findings of the trial court that no fraud was intended or perpetrated by the insured and that the risk was not materially affected because insured did not disclose to the agent the fact of his two recent visits to the doctor for his headache and bowel difficulty, which is amply supported by the record, we conclude that the language in the policy voiding the same "if any policy on the life of the assured has been issued by this company and is in force at the date hereof, unless this policy contains an indorsement signed by the president or secretary

authorizing its continuance in addition to such previously issued policy. The company shall not be presumed or held to know of the existence of any previous policy, a**n**d in such case, the issue of this policy shall not be deemed a waiver of this condition" is to be regarded as mere surplusage. See *Baker* v. *Ohio Farmers' Insurance Co.*, 70 Mich. 199 (14 Am. St. Rep. 485).

The decree is affirmed, with costs to defendant.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.